IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO<br>NON-PARTY DAWN WOOTEN,<br><br>    Movant.<br><br>DR. MAHENDRA AMIN,<br><br>    Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)  _____<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO COMPEL NON-PARTY DAWN WOOTEN TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS**

Dr. Amin served a subpoena to produce documents to non-party Dawn Wooten, seeking evidence to use in his case against NBCUniversal currently pending in the Southern District of Georgia. The relevance and discoverability of the requested documents cannot reasonably be questioned. In his defamation case, Dr. Amin alleges that NBCUniversal defamed him by publishing statements that he performed mass hysterectomies on detainees at Irwin County Detention Center, among other statements, in September of 2020. Ms. Wooten was the source of those statements. NBCUniversal not only identified Ms. Wooten as a witness they may rely upon, but she appeared on the broadcasts at issue. Indeed, on the broadcasts at issue, NBCUniversal hosts and journalists referred to her as "the nurse behind the whistleblower complaint, who got this all started," and "the whistleblower that began this entire chain of events that has revealed this information."

As discussed in and attached to her motion to quash a subpoena for deposition, Ms. Wooten has stated objections to the subpoena for production of documents and indicated through

her counsel that she will not comply. *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1 at 4, 7 (May 22, 2023); Doc. 1-16 at 3-6. Dr. Amin respectfully moves the Court for an order compelling Ms. Wooten to produce documents that are discoverable and responsive to the subpoena, and he moves that the Court order his reasonable expenses incurred in making this motion be paid by Ms. Wooten's counsel.[1]

## BACKGROUND

As detailed in Dr. Amin's Response to Ms. Wooten's motion to quash a subpoena for deposition, Dr. Amin alleges in *Amin v. NBCUniversal*, 5:21-CV-56 (S.D. Ga.) (*NBCUniversal*), that NBCUniversal defamed him by making false statements that he performed mass hysterectomies and conducted unnecessary and unconsented-to medical procedures on women detained by the United States Immigration and Customs Enforcement (ICE) at the Irwin County Detention Center (ICDC). *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 7 at 2 (June 12, 2023). Because Dr. Amin alleges defamation under Georgia law, he must prove that NBCUniversal's allegedly defamatory statements were false. *Mathis v. Cannon*, 573 S.E.2d 376, 380 (Ga. 2002). Dr. Amin also must prove that NBCUniversal published the statements with actual malice, that is, with knowledge or in reckless disregard of the falsity of the statements. *NBCUniversal*, 2022 WL 16964770, at *8-9, 21 (S.D. Ga. Nov. 16, 2022).

The statements at issue in *NBCUniversal*, which Dr. Amin must prove were false and published with actual malice, were published in conjunction with reporting on a so-called "whistleblower complaint" letter that was produced by an organization called Project South, which relied on Ms. Wooten as the alleged source of information. *Id*. Accordingly, there can be

---

[1] Pursuant to M.D. Ga. L.R. 37, Dr. Amin attaches as an exhibit to his motion a certification from his counsel that she has in good faith conferred with the person failing to make discovery in an effort to obtain the information without court action. *See* Ex. 1, Declaration of Stacey Evans ¶ 12 (June 23, 2023); *id*. ¶¶ 4-10.

2

no reasonable dispute that the subpoena for production of documents, which requests documents Ms. Wooten "provided to or received from NBCU" and documents "involving Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at the ICDC," is reasonably calculated to lead to admissible evidence.  *In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-14 at 4.  Ms. Wooten was referenced by name in all five of the broadcasts, and she appeared in four of the broadcasts, three of which showed excerpts of an interview between Ms. Wooten and reporter Jacob Soboroff and one of which featured an interview of Ms. Wooten by the host of the program.  *See id*., Doc. 7 at 2-3 (citing exhibits attached to Defendant's Answer in *NBCUniversal*).  Reporters for NBCUniversal called Ms. Wooten "the nurse behind that whistleblower complaint, who got this all started," and "the whistleblower that began this entire chain of events that has revealed this information." *Id*. at 3.  Further, NBCUniversal named Ms. Wooten as an "individual likely to have discoverable information" in its initial disclosures to Dr. Amin and as a person who has "personal knowledge or discoverable information relating" to the lawsuit in its responses to Dr. Amin's interrogatories in *NBCUniversal*. *Id*., Doc. 7-3 at 3-4; Doc. 7-4 at 3-4.

On January 30, 2023, Dr. Amin subpoenaed Ms. Wooten to produce documents.  Doc. 1-13.  Counsel for Ms. Wooten indicated that the subpoena was invalid because Dr. Amin had served the subpoena via FedEx, rather than in-person.  *Id*., Doc. 7 at 4 (citing Doc. 7-2 ¶ 8).  Rather than moving to compel on that subpoena, counsel for Dr. Amin sent a new subpoena to produce documents via process server, with the goal of avoiding litigation.  *Id*.  Counsel for Dr. Amin signed the subpoena to produce documents on May 1, along with another subpoena for a

deposition.  *Id.*, Doc. 1-14 at 1; Doc. 1-15 at 1.[2]  Ms. Wooten was served on May 7.  *Id.*, Doc. 7-5 at 2.

On May 15, counsel for Ms. Wooten contacted counsel for Dr. Amin, stating that Ms. Wooten would not comply with the subpoenas "without negotiated terms or further court order." *See* Ex. 1, Declaration of Stacey Evans, ¶ 3 (June 23, 2023).  Counsel for Dr. Amin responded the next day, specifically contesting the points in the email but agreeing "to discuss potential limitations" to the scope of the subpoena to produce documents in response to counsel for Ms. Wooten's objection that the subpoena was "overly broad."  *Id.* ¶ 4.  Counsel for Ms. Wooten and for Dr. Amin conducted a video call via Zoom on May 19.  *Id.* ¶ 5.  Although counsel for Dr. Amin agreed to (1) set a new deadline for responding to the subpoena for documents, (2) limit the scope of the requests to "allegations of mistreatment of ICE detainees at the ICDC with regard to obstetrical and gynecological care," and (3) provide search terms to facilitate the search for records, on May 20, counsel for Ms. Wooten insisted that Dr. Amin serve an amended subpoena with additional limitations.  *Id.* ¶¶ 6-9.  Dr. Amin would not agree to further limitations, and on May 22, counsel for Ms. Wooten emailed what he identified as "Amended Objections to the document subpoena."  *Id.* ¶¶ 10-11.

Ms. Wooten attached her objections to the subpoena to produce documents to her motion to quash the subpoena for deposition.  *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16.  Although the objections' formatting and numbering is difficult to follow, Ms. Wooten appears to state the following objections: the subpoena does not seek to minimize burdens on Ms. Wooten and Dr. Amin has conducted "a continuing course of bad faith and failure to comply to the requirements of Rule 45 to act with mandatory protection of the rights of

---

[2] Ms. Wooten has moved the Court to quash or modify the subpoena for deposition.  *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1 (May 22, 2023).

non-parties Dawn Wooten and her GAP attorneys;" Ms. Wooten was not legally served; the subpoena did not provide reasonable time for Ms. Wooten to respond; the subpoena is overly broad; the subpoena seeks "work product/privileged documents;" the subpoena seeks documents that are "public or government record" and records "available to Dr. Amin and the public at large;" and that the subpoena seeks documents available to Dr. Amin through discovery from NBCUniversal.  *Id*. at 1-5.  Counsel for Dr. Amin offered to address many of these concerns during the conferral call referenced above, but Ms. Wooten still refuses to comply.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "And since the Rules strongly favor full discovery whenever possible, a civil litigant is generally entitled to any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence."  *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quotation marks omitted).

Federal Rule of Civil Procedure 45 allows parties to obtain discovery from third parties that are not part of a lawsuit.  A non-party who receives a subpoena may serve written objections.  Fed. R. Civ. P. 45(d)(2)(B).  The serving party may then move the court for where compliance is required for an order compelling production.  Fed. R. Civ. P. 45(d)(2)(B)(ii).

## ARGUMENT

The objections counsel for Ms. Wooten identified are, frankly, difficult to follow.  *See, e.g.*, *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 4 (referencing "OBJECTIONS" by letter, but such letters not appearing to correspond to any objections within the document); *id*. at 3-5 (some numbers in the "Specific Objections to Document Subpoena" having headings, with others lacking headings); *id*. at 6 (including

reference to demands for "document production" in the section headed "Objection to the Deposition Subpoena," in an apparent copy-paste error from an email).  But Ms. Wooten appears to set forth the following objections: the subpoena does not seek to minimize burdens on Ms. Wooten, and Dr. Amin has conducted "a continuing course of bad faith and failure to comply to the requirements of Rule 45 to act with mandatory protection of the rights of non-parties Dawn Wooten and her GAP attorneys;" Ms. Wooten was not legally served; the subpoena did not provide reasonable time for Ms. Wooten to respond; the subpoena is overly broad; the subpoena seeks "work product/privileged documents;" the subpoena seeks documents that are "public or government record" and records "available to Dr. Amin and the public at large;" and that the subpoena seeks documents available to Dr. Amin through discovery from NBCUniversal.  *Id*. at 1-5.  The objections are baseless, but nevertheless, Dr. Amin's counsel attempted to address the claimed overbroad and time limitation concerns.  Ex. 1, Declaration of Stacey Evans, ¶¶ 4, 6.

I.    **Dr. Amin Has Not Failed to Comply with Rule 45's Requirement to Avoid Imposing Undue Burden on Non-Parties**

Ms. Wooten states that the "subpoenas are part of a continuing course of bad faith and failure to comply to the requirements of Rule 45 to act with mandatory protection of the rights of non-parties Dawn Wooten and her GAP attorneys."  *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 2.  Dr. Amin addressed this argument in his response to Ms. Wooten's motion to quash, and he incorporates those points into this motion to compel.  *Id*., Doc. 7 at 10-13.  For the reasons stated therein and in the Declaration of Stacey Evans, "Dr. Amin has gone above and beyond to accommodate Ms. Wooten and help her avoid as much inconvenience as possible."  *Id*. at 13; Ex. 1, Declaration of Stacey Evans, ¶¶ 2-6.  Dr. Amin's counsel attempted to address the claimed overbroad and time limitation concerns.

As a reminder to the Court, Ms. Wooten's counsel claims he is engaged in joint defense and common interest communications with NBCU, yet claims Dr. Amin's attempts to engage in

discovery with Ms. Wooten is an act of "bad faith."  *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 2-4.  These two statements cannot be squared.

## II. Ms. Wooten Was Legally Served

Ms. Wooten argues that she was "not legally served," stating that on May 8 "a fed ex mailer was tossed onto to [sic] a picnic table when she encountered a non-invitee trespassing in her back yard." *Id*. at 1.  As an initial matter, if counsel for Ms. Wooten had not contested the propriety of Rule 45 service via FedEx or had agreed to accept service via email, there would have been no need for Ms. Wooten to be personally served.  But since Ms. Wooten did contest that method of service, Dr. Amin engaged the services of Stacey Maddox to personally serve her, Ms. Maddox did so, and the Proof of Service form she signed states that on May 7 she "personally served Dawn Wooten on her rear driveway."  *Id*., Doc. 7-5 at 2; *see also* Federal Rule of Civil Procedure 45(b)(4) ("Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.  The statement must be certified by the server.").

Further, Ms. Wooten does not argue that she lacked actual notice or receipt of the subpoena, and her counsel began discussing the subpoena with counsel for Dr. Amin on May 15.  Ex. 1, Declaration of Stacey Evans, ¶ 3.  Accordingly, even setting aside the evidence that Ms. Wooten was personally served by a process server, Rule 45 requires "delivering a copy to the named person," which Dr. Amin assuredly did.  Fed. R. Civ. P. 45(b)(1); *see also CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 711 (D.S.C. 2017) (ruling that when a process server handed a subpoena to the subpoenaed person's husband, it was "delivered" pursuant to Rule 45 because the "method of delivery was reasonably calculated to ensure [the non-party] received the subpoena," and citing cases); *see also Roots v. Allied Waste N. Am., Inc.*, Case No. 1:04-CV-3799-JOF-JMF, 2006 WL 8431778, at *9 (N.D. Ga. May 19, 2006) ("Nothing in the language of

7

Rule 45(b)(1) suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is forbidden."); *id.* ("As long as a method of service reasonably ensures actual receipt by the subpoenaed party, some Courts consider that Rule 45(b)(1)'s delivery requirement is satisfied." (citation omitted)). Ms. Wooten does not contend that she did not receive the subpoena or that the subpoena interfered with her ability to conform or object to the subpoena, and accordingly the subpoena is not invalid as "not legally served."

### III. The Subpoena Provided Reasonable Time to Comply

Ms. Wooten objects that she "is presumptively entitled to a minimum of 30 days as applies to parties under FedRCivP 34," and so the subpoena, which set a time to respond of May 25, which is 18 days after the subpoena was served, "provides insufficient time for her to respond." *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16. As an initial matter, again any time burden is a result of the actions of Ms. Wooten and her counsel, not Dr. Amin. Counsel for Dr. Amin offered on May 19 a deadline to comply of June 19. Declaration of Stacey Evans, ¶ 6. Further, counsel for Ms. Wooten failed to contact counsel for Dr. Amin until May 15, over a week after she was served.

There is nothing in Rule 45 providing a non-witness is "presumptively entitled to a minimum of 30 days." Requests for documents to *parties* to litigation typically require "respon[se] in writing within 30 days after being served" unless the parties agree or a court mandates otherwise. Fed. R. Civ. P. 34(b)(2)(A). But party requests for documents are typically longer than the single page of requests Dr. Amin served Ms. Wooten.

Rule 45(d)(3)(A)(i), on the other hand, only provides that a subpoena must be quashed or modified if it "fails to allow a reasonable time to comply." A district court in the Northern District of Georgia considering a motion to quash or modify a subpoena to produce documents as failing to provide reasonable amount of time for compliance observed, "Rule 45(d)(3) does not

set a minimum amount of time required to be considered a reasonable time to comply, so courts make the determination of reasonableness on a case-by-case basis." *Bailey v. Fair & Walker Unit Owners Ass'n, Inc.*, Case No. 1:22-CV-00098-ELR, 2023 WL 2119490, at *2 (N.D. Ga. Jan. 16, 2023) (quotation marks omitted).  The court further quoted a Southern District of Florida court as having determined that fourteen days is "a reasonable time" pursuant to Rule 45, while other courts have ruled "that a deadline of nine days can be unreasonable." *Id*. (quotation marks omitted).  In that case, the subpoena to produce documents set a deadline of *one day* after service, and the court granted the motion.  *Id*.  Here, where the subpoena set a time to respond of 18 days after service of the subpoena and where the requests take up only a single page of requests highly relevant to Dr. Amin's *NBCUniversal* claim, the subpoena does not "fail[] to allow a reasonable time to comply."

### IV. The Subpoena Is Not "Overly Broad"

Ms. Wooten next objects to "over broadness" of the subpoena.  *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 3.  She quotes portions of requests and states, confusingly: "The inclusion of the following qualifiers renders overly broad the entire contents of each request for production, the categories of said overly broadness including but not limited to . . . ."  *Id*.  In each instance she objects either to a request "having no relevance" to *NBCUniversal* and/or seeking "work product between GAP and NBCU."  *Id*.  As discussed below, the subpoena does not require disclosure of privileged or other protected matter.

As to relevance, reporters for NBCUniversal called Ms. Wooten "the nurse behind that whistleblower complaint, who got this all started," and "the whistleblower that began this entire chain of events that has revealed this information."  *Id*., Doc. 7 at 3 (citing exhibits to NBCUniversal's Answer in *NBCUniversal*).  All the requests are for documents involving, "Dr. Mahendra Amin and/or allegations of mistreatment of ICE detainees at the ICDC," or medical

9

records "regarding any treatment of any person by Dr. Mahendra Amin." *Id*., Doc. 1-14 at 4. These plainly do not "hav[e] no relevance" to *NBCUniversal*, in which Dr. Amin must prove false statements the gist of which are that he subjected ICE detainees at the ICDC to mass hysterectomies and abusive gynecological procedures without their consent.

V. **The Subpoena Does Not Require Disclosure of Privileged or Other Protected Matter**

Ms. Wooten objects to the subpoena as seeking "work product/privileged documents Ms. Wooten possesses or controls concerning matter unrelated to Dr. Amin." *Id*., Doc. 1-16 at 3. She continues: "Ms. Wooten communications [sic] with NBCU attorneys are protected under a joint and common interest work-product agreement." *Id*. at 3-4. Finally, Ms. Wooten "asserts work-product privilege as to any discussions between GAP/Ms. Wooten and NBCU attorneys." *Id*. at 4. Ms. Wooten has produced no evidence of any such agreement.

The work product privilege only provides a qualified immunity for "documents and tangible things that are prepared in anticipation of litigation by a party, an attorney, or other representatives of the party," unless the requesting party demonstrates "substantial need" for the materials. Fed. R. Civ. P. 26(b)(3)(A). There is no suggestion that anything in the subpoena "requires disclosure of privileged or other protected matter" when there is no suggestion that any documents were prepared "in anticipation of litigation." Fed. R. Civ. P. 45(d)(3)(A)(iii). It is unclear how, for example, Ms. Wooten can plausibly argue that a request for documents such as communications to government entities such as Congress and the Georgia Composite Medical Court could ever constitute "work product between GAP and government agencies," or how communications that preceded *NBCUniversal* or even the broadcasts at issue could possibly be "documents . . . that are prepared in anticipation of litigation." *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 3.

10

To the extent that Ms. Wooten argues that specific documents are protected by work product or other privilege, she should log those documents on a privilege log and/or make specific arguments for Dr. Amin to consider and, if necessary, the Court to rule. *See Navarro v. Applebee's Int'l, Inc.*, Case No. 7:10-CV-6(HL), 2010 WL 3745905, at *2 (M.D. Ga. Sept. 20, 2010). The subpoena as a whole is not invalid for "requir[ing] disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii).

### VI. The Subpoena is Not Invalid for Seeking Production of Public or Governmental Documents and Media Articles

Ms. Wooten further claims: "The subpoena seeks documents and that are public or government record, and media articles and records that are available to Dr. Amin and the public at large." *See In re: Subpoena Issued to Dawn Wooten*, 7:23-mc-00001-HL, Doc. 1-16 at 4. She then sets forth all five of the requests in the subpoena and identifies by letter objections for each, with such letters not appearing to correspond to actual objections. *Id*. Although Ms. Wooten appeared on the broadcasts at issue and accordingly her accounts of mass hysterectomies and abusive procedures without consent spread widely, support for such accounts, such as detainees' allegations and medical records, is noticeably absent from the public record. Such information, or the absence of such information, is relevant and discoverable.

### VII. The Subpoena is Not Invalid for Seeking Documents Available Through Discovery from NBCUniversal

Finally, Ms. Wooten objects to Request 1, for documents including communications with NBCUniversal, because such documents "are possessed by NBCU" and therefore "are already available to Dr. Amin through discovery from NBCU." *Id*. at 4. Nearly three years have passed since the broadcasts. So, while discovery requests Dr. Amin has made to NBCUniversal do likely overlap with Request 1, it is reasonable to inquire as to whether Ms. Wooten has documents that NBCUniversal no longer has in its possession, custody, or control. *See Akridge*,

11

1 F.4th at 1276 ("[A] civil litigant is generally entitled to any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.").

### VIII.   The Court Should Award Dr. Amin His Fees and Costs

As Dr. Amin discussed in his response to Ms. Wooten's motion to quash, counsel for Ms. Wooten's motion creates needless motion practice, expands the litigation unnecessarily, and has caused Dr. Amin unnecessary time and expense. *Id*., Doc. 7 at 16-17.  The same is true of his refusal to comply with the subpoena for production of documents, necessitating this motion to compel.  Ms. Wooten obviously has discoverable evidence: she is the principal source for the "whistleblower complaint" and personally appeared for interviews with NBCU, and her counsel has claimed a "joint and common interest work-product agreement" with NBCU for this very matter. *Id.*; *Id*., Doc. 1-16 at 3-4.

Dr. Amin therefore requests permission to separately brief a motion for fees under 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Ms. Wooten's counsel's stonewalling of the subpoena to produce documents, like his actions opposing the deposition, are unreasonable and plainly intended to "multipl[y] the proceedings in any case unreasonably and vexatiously."

### **CONCLUSION**

Dr. Amin subpoenaed Ms. Wooten for documents relating to her assertions, which NBCUniversal trumpeted and amplified to the world defamatorily, that he performed mass hysterectomies and abusive gynecological procedures on women without their consent.  That subpoena is reasonably calculated to lead to admissible evidence, does not require a response in

an unreasonable amount of time, does not require the disclosure of privileged materials, and does not impose an undue burden on Ms. Wooten. Accordingly, Dr. Amin respectfully requests that the Court compel Ms. Wooten to produce responsive documents.

This 23rd day of June, 2023.

| | |
|---|---|
| **STACEY EVANS LAW** | **CHILIVIS GRUBMAN DALBEY & WARNER LLP** |
| */s/ Stacey G. Evans* | |
| Stacey G. Evans | Scott R. Grubman |
| Georgia Bar No. 298555 | Georgia Bar No. 317011 |
| Tiffany Watkins | sgrubman@cglawfirm.com |
| Georgia Bar No. 228805 | 1834 Independence Square |
| John Amble Johnson | Atlanta, GA 30338 |
| Georgia Bar No. 229112 | (404) 233-4171 (phone) |
| 4200 Northside Parkway NW | (404) 261-2842 (fax) |
| Building One, Ste 200 | |
| Atlanta, Georgia 30327 | *Counsel for Plaintiff* |
| Telephone: 770-779-9602 | |
| Facsimile: 404-393-2828 | |
| sevans@staceyevanslaw.com | |
| twatkins@staceyevanslaw.com | |
| ajohnson@staceyevanslaw.com | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **PLAINTIFF'S MOTION TO COMPEL NON-PARTY DAWN WOOTEN TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

I also emailed copies of the foregoing to:

Elizabeth A. McNamara, lizmcnamara@dwt.com

Amanda B. Levine, amandalevine@dwt.com

Leena Charlton, leenacharlton@dwt.com

Cynthia L. Counts, Cynthia.counts@fisherbroyles.com

John Paul Batson, jpbatson@aol.com

Thad M. Guyer, tmguyer@tmguyer.com

This 23rd day of June, 2023.

*/s/ Stacey G. Evans*
Stacey G. Evans
Georgia Bar No. 298555

*Counsel for Plaintiff*